UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

                                          :    **<u>ORDER</u>**

v.                                           :

                                          :    18 CR 77 (VB)

ADRIAN BRADSHAW,                              :
                          Defendant.       :

------------------------------------------------------------x

Defendant has filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (See Doc. #50).

Section 3582(c)(1)(A) contains an explicit exhaustion requirement: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

Defendant's submission indicates that the exhaustion requirement, a prerequisite to making such a motion, has been satisfied. (See id. Ex. C). Specifically, defendant's submission suggests that on April 23, 2020, defendant made an application to the warden of his facility for compassionate release under Section 3582(c)(1)(A)(i). (See id.). Thirty days following defendant's application to the warden of his facility would be May 23, 2020. Accordingly, it appears more than thirty days have lapsed since defendant submitted his application to the warden. For this reason, defendant's motion appears timely pursuant to Section 3582(c)(1)(A).

Accordingly, by <u>June 30, 2020</u>, the government is directed to file its response to defendant's motion. (Doc. #50). The government is directed to address the merits of the motion.

As an additional matter, defendant's request for the appointment of counsel is DENIED WITHOUT PREJUDICE. "There is no constitutional [or statutory] right to counsel for a motion for a reduction of sentence pursuant to § 3582(c)." United States v. La Rosa, 2016 WL 5921827, *2 (S.D.N.Y. Oct. 11, 2016) (citing United States v. Reddick, 53 F.3d 462, 464–65 (2d Cir. 1995) (holding there is no statutory right to counsel for a motion for reduction of sentence under the Criminal Justice Act). Rather, whether to appoint counsel is subject to the Court's discretion. (Id.). Here, defendant has submitted his motion for compassionate release, and the Court sees no reason to appoint counsel at this time.

Chambers will mail a copy of this Order to defendant at the following address:

Adrian Bradshaw, Reg. No. 79929-054
FCI Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

Dated: June 16, 2020
       White Plains, NY                    SO ORDERED:

                                           _____
                                           Vincent L. Briccetti, U.S.D.J.