```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
                                           :          ORDER
v.                                         :
                                           :          18 CR 77 (VB)
ADRIAN BRADSHAW,                           :
                        Defendant.         :
--------------------------------------------------------------x
```

By Order dated January 11, 2021, the Court denied defendant Adrian Bradshaw's second motion for reconsideration of the Court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. #60).  By letter dated January 27, 2021, Bradshaw moved again for reconsideration.  (Doc. #62).  Thereafter, the Court appointed counsel for the purpose of supplementing Bradshaw's motion (Doc. #64), and defense counsel filed a supplemental submission on March 2, 2021 (Doc. #65).  On March 9, 2021, the government filed its response (Doc. #66), and defense counsel filed a reply.  (Doc. #68).

The Court has carefully reviewed all of the foregoing submissions, as well as all of the previous submissions in this case.  Having done so, the motion for reconsideration is DENIED.

In his latest motion, Bradshaw complains that the Court "downplayed" his asthma condition.  Bradshaw is not correct.  The Court has fully taken Bradshaw's asthma, which his medical records describe as mild and intermittent, and for which he has been prescribed an inhaler and is receiving regular treatment, into account.  That condition simply does not constitute an extraordinary and compelling reason warranting Bradshaw's early release.  Even if his asthma was "moderate-to-severe," that would not constitute an extraordinary and compelling reason for early release.  According to the Centers for Disease Control and Prevention ("CDC"), moderate-to-severe asthma is not listed among the medical conditions that significantly increase the risk of severe illness from COVID-19.  See CDC, People With Certain Medical Conditions,

1

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 18, 2021).

The instant motion also largely repeats the various arguments Bradshaw has made in the past, all of which the Court has considered previously and carefully considers again now. But Section 3582(c)(1)(A)(i) sets an extremely high standard, and Bradshaw's arguments, whether considered alone or in combination, do not demonstrate the extraordinary and compelling reasons necessary to reduce the term of a lawfully imposed prison sentence, especially in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).[1] In reaching this conclusion, the Court has taken into account the current public health crisis, Bradshaw's medical history,[2] his family circumstances,[3] and his expressions of remorse. The Court has also considered, as required by the statute, the sentencing factors set forth in Section 3553(a), namely, the exceptionally seriousness nature of Bradshaw's criminal conduct, his prior criminal record, and the need for the sentence imposed to promote respect for the law, provide just punishment, and afford

---

[1] To the extent Bradshaw contends United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), somehow changes this extremely high standard, he is wrong. Brooker held that courts' discretion is not constrained by the outdated policy statement in the Sentencing Guidelines, U.S.S.G. § 1B1.13. This Court has never believed its discretion was constrained by Section 1B1.13.

[2] Bradshaw says he has already had COVID-19. If that is the case, his risk of reinfection is extremely low. See CDC, Reinfection With COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited March 18, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare."). Thus, a sentence reduction based on the risk of contracting the virus again makes no sense. See United States v. Hawkins, 2021 WL 40206, at *2 (E.D.N.Y. Jan. 5, 2021); United States v. Hardy, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020); United States v. McCallum, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020).

[3] The Court does not doubt Bradshaw's devotion to his children, and fully understands that his separation from them and from his mother has been very difficult. But these facts are actually fairly common with respect to defendants who are sentenced to prison for committing serious crimes, and, in any event, they were taken into consideration at the time of sentencing.

adequate deterrence. Those factors supported the fifty-four-month sentence at the time it was imposed, and they continue to weigh strongly against Bradshaw's early release.[4]

For all the foregoing reasons, the motion for reconsideration is DENIED.

Dated: March 18, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[4] Bradshaw contends he has served all but five months of his 54-month sentence (or about 90% of the sentence imposed), citing the fact that he expects to be transferred to a half-way house in August 2021. In fact, since Bradshaw has been in custody since January 18, 2018, he has served 38 months of his sentence, or about 70% of the sentence imposed. Either way, this fact is of little significance to the Court. The Court simply does not believe there are extraordinary and compelling reasons warranting a reduction in sentence.